**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHN L. TURNER, JR.,** ) | **CASE NO. 1:16 CV 626** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **OHIO ADULT PAROLE AUTHORITY,** ) | |
| *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff John L. Turner filed this action against the Ohio Adult Parole Authority and his Parole Officer, Yolanda Roy. In the Complaint, Plaintiff asserts Roy could have reduced his three-year post release control sentence to one year for good behavior. If she had made this adjustment, he would not have been under post release control supervision when he was arrested in Lake County, Ohio on new charges. He does not specify the legal claims he is attempting to assert. He asks this Court to declare his post release control sentence and his sanction for violating the terms of his post release control to be invalid. He also seeks monetary relief.

**I. BACKGROUND**

Plaintiff was indicted by the Cuyahoga County Grand Jury in September 2009 in two

separate cases, Nos. CR-09-527609-L and CR-09-529240-A, and charged with one count of Engaging in a Pattern of Corrupt Activity with Forfeiture Specifications, eighteen counts of Aggravated Theft, thirteen counts of Breaking and Entering, two counts of Criminal Damaging, two counts of Forging Identification Cards and two counts of Misuse of a Credit Card. He entered into a plea agreement in which he pled guilty to thirteen counts of Aggravated Theft, and Engaging in a Pattern of Corrupt Activity with the Forfeiture Specification, in exchange for dismissal of all other charges. He was sentenced on May 24, 2010 to a total of two and one half years incarceration followed by up to three years of post release control.

  Plaintiff was released from prison on February 20, 2012 and began serving the post release control portion of his sentence. Yolanda Roy was assigned as his parole officer. He contends he did not sign a form agreeing to the conditions of his release. He also asserts that while he was sentenced to up to three years of post release control, Roy could have reduced that part of his sentence to as little as one year, in recognition of good behavior.

  Plaintiff was indicted by the Cuyahoga County Grand Jury on July 9, 2013 and charged with three counts of Breaking and Entering, two counts of Grand Theft, three counts of Aggravated Theft, five counts of Petty Theft and seven counts of Criminal Damaging. He was arraigned on July 12, 2013 and released on bond. That case is set for trial on May 4, 2016.

  Plaintiff was arrested on March 12, 2014 on a warrant from Eastlake, Ohio, and charged with theft offenses. He claims he pled not guilty to the charges and posted bond; however, the Ohio Adult Parole Authority placed a hold on him for violating the terms and conditions of his post release control and he was transported to the Lorain Correctional Institution. The charges were dropped by the City of Eastlake on April 1, 2014, because the State of Ohio elected to take

the matter directly to the Lake County Grand Jury. The Lake County Grand Jury returned an indictment on August 4, 2014, charging Plaintiff with Breaking and Entering, Theft and Intimidation. He was convicted on October 5, 2015 and sentenced to 102 months in prison.

Post release control violation hearings were conducted on April 10, 2014 and May 6, 2014. Plaintiff was found guilty of the violation and was ordered to serve 200 days incarceration in the Lorain Correctional Institution.

Plaintiff does not specify any legal claims in his Complaint. He states only that he should not have been on post release control at the time of his arrest on the Eastlake warrant because Roy could have reduced his sentence to one year of post release control. He asks this Court to declare that his post release control sentence and his sanction for violating post release control are invalid. He also seeks monetary damages.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's Complaint fails to meet this basic pleading requirement. Plaintiff believes he should have been released from post release control after only one year due to good behavior. There is no indication, however, that this sentence reduction actually occurred. Plaintiff does not cite to a single legal cause of action that would entitle him to the relief he seeks and none is apparent on the face of the Complaint. At a minimum, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not meet that basic pleading standard.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        UNITED STATES DISTRICT JUDGE

DATED: May 4, 2016

---

[1]    28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.